R. Alton BOWDEN, on behalf of himself and all others similarly situated; Wanda Martin Barrett, on behalf of herself and all others similarly situated, Appellants,

v.

John E. PETERSON, Jr., Individually and as Trustee of The Lane Processing Trust; Edward H. Covell, Individually and as Trustee of The Lane

---

* The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

Processing Trust; Walter W. Minger, Individually and as Trustee of The Lane Processing Trust; Lane Processing Trust, Appellees.

No. 00–2817.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 2001.

Filed March 21, 2001.

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Beneficiaries of a business trust brought this diversity-related action against the trustees alleging they breached their fiduciary duties by making distributions to some but not all of the trust's intended beneficiaries. The district court* granted summary judgment to the trustees. The district court recognized the trust document granted the trustees "sole and absolute discretion" to manage the trust property, including payment of trust income to "any one or more (whether all or less than all) of the members of the group consisting of the Beneficiaries," and held as a matter of law that the trustees did not breach their fiduciary duty in exercising their discretion. On appeal, the beneficiaries argue the district court committed error in granting summary judgment because there are genuine issues of material fact and the court denied them meaningful discovery. The beneficiaries also contend the district court should have granted their request for class certification.

We review a grant of summary judgment under a well-established standard. Because this is a diversity action, we review de novo questions of state law. Having considered the record and the parties' briefs, we are satisfied the district court correctly applied the controlling state law, and the record supports the district court's summary judgment ruling. We also reject the beneficiaries' contention that the district court should have granted their request for class certification. Because the parties' submissions show they are thoroughly familiar with the issues before the

---

* The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

court, we conclude that an extensive discussion in this diversity case would serve no useful purpose. We thus affirm on the basis of the district court's well-reasoned rulings without further discussion. *See* 8th Cir. R. 47B.